IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANITA VALLIER, § | |
| § | |
| Plaintiffs, § | |
| § | |
| V. § | CIVIL ACTION NO. H-17-0998 |
| § | |
| NATIONSTAR MORTGAGE,, LLC and § | |
| OVATION RENTALS, LLC, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' MOTIONS TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

Referred by the District Judge to the undersigned Magistrate Judge for a Memorandum and Recommendation are the pending motions in this case: Defendant Nationstar Mortgage, LLC's Motion for Judgment on the Pleadings (Document No. 7), Defendant Nationstar Mortgage, LLC's Motion to Dismiss Plaintiff's Second Amended Petition (Document No. 18) and Defendant Ovation Rentals' Motion for Judgment on the Pleadings (Document No. 21). As an initial matter, because Defendant Nationstar Mortgage's Motion for Judgment on the Pleadings (Document No. 7) has been effectively superseded by the filing of Plaintiff's "Second Amended Petition and Nationstar's Motion to Dismiss that Second Amended Petition, that motion (Document No. 7) is MOOT. As for the other two motions, having considered Defendants' arguments and the documents which can properly considered in connection with Defendants' pleading-based motions,[1] the claims and allegations in

---

[1] Documents that are public records or are either referred to or central to the claims in a plaintiff's pleadings can be considered in connection with a Rule 12(b)(6) Motion to Dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

Plaintiff's "Second Amended Petition" (Document No. 17), Plaintiff's Response to Defendant Nationstar Mortgage, LLC's Motion to Dismiss Plaintiff's Second Amended Petition (Document No. 20), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant Nationstar Mortgage, LLC's Motion to Dismiss Plaintiff's Second Amended Petition and Defendant Ovation Rentals, LLC's Motion for Judgment on the Pleadings (Document Nos. 18 and 21) both be GRANTED and Plaintiff's claims all be DISMISSED WITH PREJUDICE for failure to state a claim.

I.  **Background and Procedural History**

On January 13, 2017, Plaintiff Anita Vallier ("Vallier") initiated this suit in the 234th District Court of Harris County, Texas, Cause No. 2017-02781, complaining about the foreclosure on her residence located at 12910 Regalshire Court, Houston, Texas 77047 (referred to hereafter as "the Property"). Defendant Nationstar Mortgage, LLC ("Nationstar") removed the case to this Court on the basis of federal question jurisdiction – Vallier having alleged a claim in the First Amended Original Petition she filed in state court under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.

Following removal, Nationstar filed a Motion for Judgment on the Pleadings. Vallier filed a response to that motion as well as a Second Amended Petition. In that "Second Amended Petition," Vallier alleges that she sought a loan modification from Nationstar in October 2016, but instead of responding to her request for a loan modification Nationstar sold the Property to Defendant Ovation Rentals, LLC ("Ovation") at a foreclosure sale on November 1, 2016. Vallier additionally alleges that Nationstar "failed to issue notice of acceleration and foreclosure to [her]

prior to foreclosing on the property on November 1st, 2016." Plaintiff's Second Amended Petition (Document No. 17) at 4. Vallier asserts claims against Nationstar for violations of § 51.002 and § 51.004 of the Texas Property Code, violations of several regulatory provisions of RESPA (12 C.F.R. §§ 1024.35, 1024.39 and 1024.41), for trespass to try title, to quiet title, and for a declaratory judgment that Nationstar had no authority to foreclose. Vallier asserts claims against Ovation for trespass to try title, and to quiet title.

In its Rule 12(b)(6) Motion to Dismiss, Nationstar argues that Vallier has not, and cannot, state a plausible claim against it under § 51.002 or § 51.004 of the Texas Property Code because those provisions do not provide for a private cause of action; Vallier has not, and cannot, state a plausible claim under 12 C.F.R. §§ 1024.35 and 1024.39 (regulatory provisions of RESPA) because those provisions also do not provide a private cause of action; Vallier has not, and cannot, state a plausible claim under 12 C.F.R. § 1024.41 because her request for a loan modification did not fall within the time periods contained in that provision; Vallier has not, and cannot, state a plausible claim for trespass to try title or to quiet title because she has alleged no facts in support of those claims and cannot allege, given her default on the Note, that she has superior title to the Property; and Vallier cannot state a plausible declaratory judgment claim because all of her underlying, substantive claims lack merit. Ovation similarly argues, in its Motion for Judgment on the Pleadings, that Vallier cannot state a plausible claim against it for trespass to try title or to quiet title and additionally argues that res judicata and the Rooker-Feldman doctrine bar her claims. As set forth above, Vallier has filed a response to Nationstar's Motion to Dismiss, but has not responded, at all, to Ovation's Motion for Judgment on the Pleadings.

## II. Standard of Review

### A. Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their

veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### B. Judgment on the Pleadings

Pursuant to FED. R. CIV. P. 12(h), a defending party may move for dismissal of a claim "for failure to state a claim upon which relief can be granted" with a Rule 12(c) motion for judgment on the pleadings. When such a motion is made, the standards provided for under Rule 12(b)(6) and the cases interpreting it are to be applied. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-210 (5th Cir. 2010).

### III. Discussion

Vallier, in her response to Nationstar's Motion to Dismiss, generally argues that dismissal is not proper because her amended petition contains sufficient facts in support of her claims to meet Rule 8's "low pleading threshold." Then, Vallier argues that there are sufficient facts alleged to support her claim(s) under § 51.002 of the Texas Property Code because she has alleged that Nationstar "failed to provide the requisite twenty days' notice and opportunity to cure the default before giving notice of the sale," and "that she never received notice of the default and sale" Vallier's Response (Document No. 20) at 9; that there are sufficient facts alleged to support her RESPA claim(s) because she has alleged that Nationstar failed to provide accurate information about her loss mitigation options and failed to provide her with a reason for denying "all loan workout alternatives" prior to proceeding with the foreclosure; and that there are sufficient facts alleged to support her quiet title and trespass to try title claims because she has alleged that she is the record title holder to the Property. Vallier does not address Nationstar's plausibility arguments that are

5

premised on there being no private cause of action for claims asserting violations of § 51.002 of the Texas Property Code or for claims asserting violations of 12 C.F.R. §§ 1024.35 and 1024.39.

### A. Texas Property Code claims

In what Vallier has characterized as claims arising from violations of §§ 51.002 and 51.004 of the Texas Property Code, Vallier alleges in her Second Amended Petition:

> 5.3 Here, Defendant Nationstar failed to send Plaintiff notice altogether. The Defendant's circumvention of the Texas Property Code stripped Plaintiff of her right to cure the alleged mortgage default within 20-days after receipt of notice of default because notice of sale was never sent. Plaintiff could not believe she had a right to cure the alleged default where Defendant failed to notify her of the sale of her home, specifying a date, time and place. Defendant has not shown proof of its compliance with § 51.002 of the Texas Property Code.
>
> 5.4 Defendant has not met the requirements of the Texas Property Code in its action to sale [sic] the Plaintiff's home under a power of sale conferred by a deed of trust. Considering the strict provisions applied to mortgage servicers under the Texas Property Code it would be an egregious error to sustain the foreclosure of Plaintiff's home.
>
> 5.5 Because Defendant Nationstar did not send notice of default and sale according to 51.002(d) of the Texas Property Code, it had no right to foreclose on Plaintiff's property.

Plaintiff's Second Amended Petition (Document No. 17) at 5-6. While Vallier includes § 51.004 of the Texas Property Code in the heading of her claim, she has included no facts that purport to state a claim under § 51.004. Accordingly, her Texas Property Code claim is construed as *only* being alleged under § 51.002 of the Texas Property Code.

As alleged by Vallier in her Second Amended Petition, the Texas Property Code imposes certain notice requirements prior to a foreclosure sale. As is relevant to this case, § 51.002(b) provides that "notice of the sale . . . must be given at least 21 days before the date of the sale," and § 51.002(d) provides that "the mortgage servicer of the debt shall serve a debtor in default under a

6

deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)."

Vallier's allegations in her Second Amended Petition implicate the notice provisions in § 51.002 of the Texas Property Code. However, as argued by Nationstar, and not disputed by Vallier, a majority of Courts to consider the issue have concluded that § 51.002 of the Texas Property Code provides no private cause of action. *Nelson v. Wells Fargo Bank*, N.A., No. 4:17-CV-298-A, 2017 WL 3405525 * 2 (N.D. Tex. Aug, 7, 2017); *Solis v. U.S. Bank, N.A.*, Civil Action No. H-16-00661, 2017 WL 4479959 *2 (S.D. Tex. June 27, 2017); *Palomino v. Wells Fargo Bank*, N.A., Civil Action No. 6:15-CV-00375-RWS-KNM, 2017 WL 989300 *3 (E.D. Tex. Feb. 17, 2017); *Carey v. Wells Fargo Bank, N.A.*, Civil Action H-15-1666, 2016 WL 4246997 *3 (S.D. Tex. Aug. 11, 2016); *Reed v. Bank of America, N.A.*, Civil Action No. H-15-2005, 2015 WL 7736642 *4 (S.D. Tex. Nov. 30, 2015); *May v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-581, 2014 WL 2586614 *4 n.2 (E.D. Tex. June 9, 2014); *Anderson v. CitiMortgage, Inc.*, No. 4:13-CV-369, 2014 WL 3983366 *5 (E.D. Tex. July 1, 2014); *Ashton v. BAC Home Loans Servicing, LP*, Civil Action No. 4:13-CV-810, 2013 WL 3807756 *4 (S.D. Tex. July 19, 2013); *Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377 *7 (S.D. Tex. June 6, 2012); *see also Rucker v. Bank of America, N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (recognizing that District Courts that have considered the issue have "conclude[d] that Section 51.002(d) does not intend an independent private cause of action."); *but see Report and Recommendation in Sam v. Wells Fargo Bank, N.A.*, Civil Action No. 4:15-cv3194, 2016 WL 4470111 *6-8 (S.D. Tex. July 15, 2016) (reasoning that a private cause of action under

§ 51.002(d) of the Texas Property Code should be recognized) (stipulation of dismissal filed by parties prior to District Court's consideration of Report and Recommendation). Instead, when a plaintiff asserts a claim under § 51.002 of the Texas Property Code based on improper notice, as is the case here, Courts consider the claim to be one for wrongful foreclosure. *See Nelson*, 2017 WL 3405525 *2; *Solis*, 2017 WL 4479957 *2; *Palomino*, 2017 WL 989300 *3; *Carey*, 2016 WL 4246997 *3; *Ashton*, 2013 WL 3807756 *4. Here, following the majority of the Courts to have considered the issue, the undersigned concludes that Vallier's claim should be considered a wrongful foreclosure claim and, so considered, dismissed as implausible.

"The purpose of a wrongful foreclosure action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price." *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). In Texas, to prevail on a claim of wrongful foreclosure a plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008); *see also Sotelo v. Interstate Financial Corp.*, 224 S.W.3d 517, 523 (Tex. App.–El Paso 2007) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."); *Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415, 2011 WL 6412051 at *1 (5th Cir. 2011) (the elements of wrongful foreclosure are that the Plaintiff's "home sold for a grossly inadequate selling price and [ ] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.").

Here, Vallier focuses on defects in the foreclosure sale proceeding, disputing that Nationstar sent, and that she received, a notice of default and/or notice of sale. She particularly points out that

8

the July 13, 2016 notice of default letter, attached by Nationstar to its Motion to Dismiss (Document No. 18-8), should not be considered because it goes beyond the contents of the pleadings and because there is no proof in the record that the letter was actually sent. *See* Vallier's Response to Nationstar's Motion to Dismiss (Document No. 20) at 9 ("Plaintiff asserts that she never received notice of default and sale and Defendant provides no evidence of a certified mail return receipt requested card, certified mail, or any other proof of service reflecting Plaintiff's receipt of such. Defendant's *Exhibit H* is merely a document kept in Nationstar's custody with an untraceable number affixed at the top of the document. Defendant's Exhibit H is not adequate proof of service of the notices required under section 51.002. Moreover, this is an improper argument on a Motion to Dismiss."). That argument has some merit given the absence of any evidence – self-authenticating or otherwise – that Nationstar sent Vallier the July 13, 2016 letter in the manner provided for by § 51.002 of the Texas Property Code. Vallier therefore has, by her allegations, sufficiently alleged a defect in the foreclosure proceedings – the first element of a wrongful foreclosure claim. But that alleged defect, standing alone, does not render plausible a wrongful foreclosure claim. That is because the sales price at the foreclosure sale was not grossly inadequate. The Property was valued in the Harris County Tax Appraisal records as of January 1, 2016, at $117,062.00, and as of January 1, 2017, at $122,873.00. *See* Exhibits G to Nationstar's Motion to Dismiss (Document No. 18-7). The Property was sold to Ovations at the foreclosure sale on November 1, 2016, for $115,000 – approximately 98 percent of the Property's appraised value as of January 1, 2016, and approximately 93 percent of the Property's appraised value as of January 1, 2017. As a matter of law, that sales price was not grossly inadequate. *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990) ("The weight of Texas authority rejects a determination of gross inadequacy where, as here,

property sells for over 60% of fair market value."). As such, Vallier, who cannot maintain a claim under § 51.002 of the Texas Property Code as a private cause of action, and who has not alleged facts that could support a wrongful foreclosure claim given the adequate sales price for the Property, has not alleged a plausible claim for wrongful foreclosure or a viable stand-alone claim under § 51.002 of the Texas Property Code.

### B.   RESPA Claims

Vallier's RESPA claims are all premised on her allegations that Nationstar did not accurately advise her of her mitigation options and did not give her a reason for denying her request for a loan modification prior to foreclosure. Vallier claims that these deficiencies constitute violations of 12 C.F.R. §§ 1024.35, 1024.39 and 1024.41. But, as argued by Nationstar, and not disputed by Vallier, there is no private cause of action for any violation of 12 C.F.R. §§ 1024.35 or 1024.39. *See Solis*, 2017 WL 4479957 *3 (concluding that neither section 1024.35 nor 1024.39 provide for a private cause of action); *Miller v. HSBC Bank U.S.A., N.A.*, No. 13 CIV. 7500, 2015 WL 585589 *11 (S.D.N.Y. Feb. 11, 2015) ("'claim' based upon 12 C.F.R. § 1024.35 also fails because that regulation does not provide a private right of action for damages"). Even if there was, Vallier's Second Amended Petition contains no alleged facts that would implicate § 1024.35 or § 1024.39.[2] That

---

[2] Section 1024.35 requires loan servicers to respond to a borrower's "notice of error," and section 1024.39 requires a loan servicer to provide a delinquent borrower with information about the "availability of loss mitigation options." Vallier's allegations in her Second Amended Complaint focus on Nationstar's failure to inform her of the basis for denial of her loan modification application prior to foreclosure. There are no allegations that Nationstar failed to respond to a "notice of error" submitted by Vallier, or that Nationstar did not provide her with information about loss mitigation options.

10

leaves only the alleged violations of § 1024.41, for which there *is* a private cause of action,[3] and which provides:

> (c) Evaluation of loss mitigation applications.
> (1) Complete loss mitigation application. Except as provided in paragraph (c)(4)(ii) of this section, if a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving the complete loss mitigation application, a servicer shall:
> (i) Evaluate the borrower for all loss mitigation options available to the borrower; and
> (ii) Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program as provided for in paragraph (e) of this section, if applicable, and a notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in paragraph (h) of this section.

12 C.F.R. § 1024.41.

Here, as argued by Nationstar, it is Vallier's own allegations in her Second Amended Petition that render her claim under § 1024.41 not plausible. Vallier alleges that she sent Nationstar a request for a loan modification on October 4, 2016. *See* Plaintiff's Second Amended Petition (Document No. 17 at 3) ("Subsequently, after Bank of America transferred Plaintiff's mortgage to defendant Nationstar, Plaintiff then resumed her efforts to pursue the loan workout alternative of a loan modification with Defendant Nationstar by submitting her first and only modification application on or about October 4, 2016."). Vallier also alleges that the foreclosure sale on the Property

---

[3] Section 1024.41 itself provides an enforcement mechanism: "A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 1605(f))." *See also Allen v. Wells Fargo Bank, N.A.*, Civil Action No. 3:16CV0249-D, 2017 WL 3421067 *2 (N.D. Tex. Aug. 9, 2017) ("This section [1024.41] is privately enforceable under § 6(f) of RESPA").

occurred on November 1, 2016. Because Vallier's request for a loan modification did not pre-date the foreclosure sale by at least 37 days, as is provided for in § 1024.41(c), Vallier has not alleged a plausible claim under § 1024.41. *See Lage v. Ocwen Loan Servicing, LLC*, 839 F.3d 1003, 1004 (11 Cir. 2016) ("a servicer only has a duty to evaluate a complete loss mitigation application that it receives 'more than 37 days before a foreclosure sale'" and where a servicer "received the Borrowers' complete application just two days before the foreclosure sale . . . [the servicer] had no duty to evaluate the Borrowers' application"). Accordingly, all her claims premised on RESPA under 12 C.F.R. §§ 1024.35, 1024.39 and 1024.41, are subject to dismissal for failure to state a claim.

### C.     Trespass to Try Title and Quiet Title Claims

In support of her trespass to try title and to quiet title claims, Vallier alleges no specific facts and instead merely recites the elements of those claims. This, as argued by both Nationstar and Ovation, is insufficient.

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No.

01-10-00837-CV, 2011 WL 6938507, at *7 (Tex. App.—Houston [1st Dist.] 2011, no pet.). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

A trespass to try title action, in contrast, is a statutory cause of action that "accords a legal remedy." *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1977), *writ refused n.r.e.* (May 24, 1978). "Trespass to try title is an action to recover the possession of land unlawfully withheld from an owner who has a right of immediate possession." *Id.* "To state a claim for trespass to try title, the plaintiff must allege, inter alia, that the defendant 'unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof." *Serna v. U.S. Bank*, N.A., No. CIV.A. H-13-2559, 2014 WL 108732, at *2 (S.D. Tex. Jan. 9, 2014) (quoting *Martinez v. CitiMortgage, Inc.*, CIV.A. H–13–0727, 2013 WL 2322999, at *2 (S.D.Tex. May 28, 2013).

Here, there are no factual allegations – at all – that support Vallier's quiet title and trespass to try title claims. Those claims are therefore subject to dismissal on that basis alone. *See e.g., Duke v. Wells Fargo Bank, N.A.*, No. 4:17-CV-590-A, 2017 WL 4862788 *3 (N.D. Tex. Oct. 26, 2017) (dismissing trespass to try title claim where plaintiff "provided only conclusory factual allegations supporting her claim that she has superior title to the property"); *Aguilar v. Wells Fargo Bank, N.A.*, No. 3:16-cv-211-K-BM, 2017 WL 1450622 *6 (N.D. Tex. Mar. 31, 2017) (dismissing quiet title

and trespass to try title claims where plaintiff only claimed superior title based on existence of warranty deed and did not allege that they were current on their mortgage); *Palomino*, 2017 WL 989300 *5 (dismissing quiet title and trespass to try title claims "because there [were] no allegations regarding the superiority or strength of Plaintiffs' title"); *see also Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 217 (5th Cir. 2015) (because plaintiffs had not "demonstrated that they [had] any independently valid claims against the foreclosure, they [could] show a superior interest in the property" district court properly dismissed quiet title and trespass to try title claims). Such claims are also subject to dismissal because Vallier both has not, and cannot, assert a superior title to the Property given her default on her mortgage along with Nationstar's subsequent foreclosure on the Property pursuant to the Deed of Trust. *See Martinez v. Universal Am. Mortg. Co., LLC*, No. 4:14-CV-1285, 2015 WL 12839152 *4 (S.D. Tex. Mar. 13, 2015) ("Texas courts have long held a plaintiff in a quiet title action must allege not only the strength of his own title but also the invalidity of the defendant's claim."); *see also e.g. Lombardi v. Bank of America*, Civil Action No. 3:13-cv-1464-O, 2014 WL 988541 *19 (N.D. Tex. Mar. 13, 2014) (dismissing quiet title and trespass to try title claims as implausible where loan was admittedly in default and Plaintiff "failed to raise a reasonable inference that Defendants' claim to the Property was invalid or unenforceable"). Vallier has, accordingly, not stated a plausible quiet title or trespass to try title claim against either Nationstar or Ovations.[4]

---

[4] Because Vallier has clearly not stated a claim to quiet title or for trespass to try title, Ovation's res judicata and Rooker-Feldman arguments need not be addressed.

## D.  Declaratory Judgment Claim

In her claim for Declaratory Judgment, Vallier seeks a declaration that "Nationstar had no authority to foreclose on the Deed of Trust due to its failure to notice Plaintiff according to Texas statute and that Plaintiff is entitled [to] damages as a consequence." Plaintiff's Second Amended Petition (Document No. 17) at 8.

A declaratory judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

Here, given that Vallier's underlying substantive claims are all subject to dismissal under Rule 12(b)(6), Vallier's claim for declaratory relief is subject to dismissal as well. *See e.g. Campo*, 2016 WL 1162199 at *6 (dismissal of declaratory judgment claim proper when all underlying substantive claims are subject to dismissal).

15

### IV. Discussion – Amendment

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, Vallier has not explicitly or implicitly asked for leave to amend. Even if she had, leave to amend is not warranted given the nature of Vallier's claims, Nationstar's right to foreclose, and the allegations she has already included in her Second Amended Petition that defeat her RESPA claim under 12 C.F.R. § 1024.41.

### V. Conclusion and Recommendation

Based on the foregoing, and the determination that Plaintiff Anita Vallier has not stated a plausible claim against Defendants and that leave to amend should not be given, the Magistrate Judge

RECOMMENDS that Defendant Nationstar Mortgage, LLC's Motion to Dismiss (Document No. 18) and Defendant Ovation Rentals, LLC's Motion for Judgment on the Pleadings (Document No. 21) both be GRANTED and that Plaintiff's claims all be DISMISSED for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 1st day of February, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE